UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
MAHESH SHETTY,

                        Plaintiff,                    Civ. No. 20 cv. 00550 (ARR)

   -against-

SG BLOCKS, INC. and PAUL GALVIN,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :


## JOINT MOTION TO APPROVE SETTLEMENT


GORDONLAW LLP
51 Bedford Road, Suite 2
Katonah, New York 10536
Tel: 914.232.9500
Email: mgordon@gordonlawllp.com

*Attorneys for Plaintiff*


RUTA SOULIOS & STRATIS LLP
211 East 43rd Street, 24th Floor
New York, New York 10017
Tel: (212) 997-4500
Fax: (212) 768-0649
Email: ssoulios@lawnynj.com

*Attorneys for Defendants*

## Preliminary Statement

Plaintiff Mahesh Shetty ("Plaintiff"), together with Defendants SG Blocks and Paul Galvin (together, "Defendants"), hereby submit this memorandum of law in support of the joint motion by Plaintiff and Defendants for an Order approving a settlement that Plaintiff and Defendants (collectively, the "Parties") have reached in this action.

As more fully discussed in Point I below, the proposed settlement resolves a *bona fide* dispute arising under the United States Fair Labor Standards Act and related state laws and was reached in good faith after an in-person settlement meeting between Messrs. Shetty and Galvin and their respective counsel. The Parties respectfully submit that the settlement they have reached is fair and reasonable. Accordingly, the Parties respectfully request that this Court approve their settlement approval and dismiss this action.

## Statement of the Case

**A.   Procedural History**

Plaintiff, a former director and executive of Defendant SG Blocks, Inc. ("SGB"), began this employment action on January 31, 2020, asserting four claims: unpaid wages under the federal Fair Labor Standards Act (the "FLSA"), unpaid wages under the New York Labor Law (the "NYLL"), violations of NYLL wage notification requirements, and breach of contract. *See* ECF Doc. No. 1 at ¶¶ 30-55. On March 25, 2020, before Defendants responded to the Complaint, Plaintiff amended his Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). *See* ECF Doc. No. 16. The Amended Complaint asserted two additional causes of action, for retaliation under the FLSA and the NYLL and a declaratory judgment that SGB must indemnify Plaintiff from the claims asserted against him in an unrelated New York State Court action. *See* ECF Dkt. No. 16. at ¶¶ 30-58 and 85-99.

On April 24, 2020, Defendants moved to dismiss the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). ECF Dkt. No. 29. Plaintiff opposed the motion to dismiss but, alternatively, requested leave to amend in the event the motion were granted. *See* Deft's May 15, 2020 Mem. of Law in Opp. to Motion to Dismiss (ECF Dkt. No. 30) at 31. On June 15, 2020, the Court granted in part and denied in part Defendants' motion to dismiss (the "June 15 Order," ECF Dkt. No. 32). Specifically, the Court dismissed the first cause of action under the FLSA, so much of the fourth cause of action for breach of contract regarding severance, and all claims against defendant Oasis. *Id.* Defendants filed their Answer to the Amended Complaint, with Counterclaims, on July 7, 2020. ECF Doc. Nos. 40 and 41. On July 28, 2020, Plaintiff filed his Answer to the Counterclaims. ECF Doc. No. 50. On July 20, 2020, Plaintiff moved to amend his Amended Complaint. ECF Doc. No. 44. On August 13, 2020, the Court denied that motion. ECF Doc. No. 51.

Discovery was ongoing but the Parties' decision to settle terminated that process before its conclusion. *See* the accompanying Declaration of Michael R. Gordon, counsel for Plaintiff, dated September 13, 2021 (the "Gordon Dec."), ¶15. Also, the Parties engaged in a mediation with a reputable and experienced mediator, David A. Berger. *See* ECF Minute Entry for November 25, 2020. Although the case did not settle during or immediately following the mediation, Mr. Berger's participation was extremely helpful and was in part responsible for the parties' decision to settle according to the terms set forth in their proposed Settlement Agreement. *See* Gordon Dec., ¶¶ 16-17.

On Friday, August 6, 2021, the Parties convened for the deposition of Plaintiff. *Id.*, ¶ 18. Before the deposition began, Plaintiff and Defendant Galvin, the Chairman of SGB, met privately and discussed possible terms for an amicable resolution of this case. *Id.*, ¶ 19. With the aid of

their respective counsel, Plaintiff and Defendant Galvin reached agreement on the material terms of a settlement and left to counsel the task of finalizing their agreement in a formal written Settlement Agreement. *Id.*, ¶ 20. On August 9, 2021, the Parties advised the Court that they had reached an agreement in principle. *See* ECF Doc. No. 59. The Court issued an Order on August 19, 2021 setting September 14, 2021 by which the parties must move for approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

**B.     The proposed settlement**

On September 3, 2021, Plaintiff signed the proposed Settlement Agreement; Defendant Galvin, for himself and SGB, signed the proposed Settlement Agreement on September 3, 2021. *Id.*, ¶ 22. A true and accurate copy of the proposed Settlement Agreement is Exhibit 1 to the Gordon Dec. It provides for a cash payment of $250,000, in two equal payments of $125,000 payable on October 15, 2021 and December 15, 2021, by SGB to Plaintiff. Gordon Dec., Exh. 1. The Settlement Agreement also provides for the issuance of 20,000 shares of restricted common stock of SGB and for SGB to provide a defense and indemnity in favor of Plaintiff in respect of any action naming Plaintiff as a defendant on account of his service as an officer and/or director of SGB, including without limitation a New York State Court action entitled entitled *Pizzarotti, LLC v. Phipps & Co., Jack Phipps, Maya Phipps, SG Blocks Inc., and Mahesh Shetty*, Index No. 653996/2018. The Settlement Agreement also contains mutual releases. *Id.* at ¶¶ 24-26.

**Argument**

**I**

**THE SETTLEMENT SHOULD BE APPROVED AS FAIR AND REASONABLE**

Pursuant to *Cheeks, supra*, the Parties' proposed settlement, as reflected in the Settlement Agreement annexed as Exhibit 1 to the Gordon Dec., should be approved because, the Parties

submit, it is a fair and reasonable resolution to the claims and counterclaims asserted in this action. "[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. In order to assess whether a FLSA settlement is fair, Courts consider the following "Wolinsky" factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)); *see also Cheeks*, 796 F.3d at 206. Moreover, where, as here, the case is not a collective or class action and there is no antagonism between attorney and client, the level of judicial scrutiny is lessened. *See Zamora v. One Fifty Seven Corp.*, 2016 U.S. Dist. LEXIS 49286, *5, 2016 WL 1366653 (S.D.N.Y. April 1, 2016) ("although the proposed award is greater than Plaintiffs' recovery, the Court sees no reason to reduce the fee where, as here, Plaintiffs will receive 100% of their estimated damages, there are no opt-in plaintiffs, the case is not a collective action, and there exists no 'basis to presume conflict and antagonism between the plaintiff and his attorney,' … ."; *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("[u]nless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim, which will rarely be disclosed to the court, … then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Here, the Parties respectfully submit that the *Wolinsky* factors, set forth above, favor approval of the proposed settlement.

4

*First*, it is difficult to predict the range of potential recoveries available to Plaintiff if he were to prevail on his FLSA and state law claims, because the dollar value a jury might award for retaliation, which is a substantial part of Plaintiff's claim, is inherently difficult to predict. Moreover, it is possible Plaintiff could recover nothing or owe Defendants a substantial amount of money if Plaintiff did not recover on his claims but Defendants prevailed on their counterclaims and obtained an award of attorney's fees and costs of suit as provided for in Plaintiff's employment agreement. That being said, the Parties agree that a reasonable range of recoveries a jury could award Plaintiff, setting aside any potential offsets, is $25,000 (for director fees only, plus interest), and $639,000, assuming a full recovery on all remaining claims plus statutory punitive damages in the amount of the base compensation claim, based on Plaintiffs' claim that he is owed approximately $307,000 in compensation and bonuses.

*Second*, this settlement will enable the Parties to avoid all of the anticipated burdens and expenses in establishing their respective claims and defenses, as the Parties are proposing a total and mutual release of all claims, known and unknown that each might have against the other.

*Third*, both parties face a serious risk of exposure if the case does not settle. If Plaintiff were to prevail on his claims and defeat the Counterclaim, he would potentially be able to recover a substantial financial recovery from Defendants. Similarly, if Defendants were to prevail on their Counterclaim and defeat the Claims in chief, Plaintiff would face a substantial liability in terms of attorneys' fees to Defendants.

*Fourth*, the settlement agreement is the product of arm's-length bargaining between experienced counsel as well as their sophisticated clients. The principal negotiating partners were Plaintiff, a former director and experienced businessman, and Defendant Galvin, the Chairman of SGB and also an experienced businessman. *See* Gordon Dec., ¶ 32; *see also* the accompanying

Declaration of Steven Soulios, counsel for Defendants, dated September 13, 2021 (the "Soulios Dec.") at ¶¶ 5-6. The Parties were each represented, before and during settlement negotiations, respectively, by Michael R. Gordon, counsel for Plaintiff, and Steven Soulios, counsel for Defendants. Gordon Dec., ¶ 33 and Soulios Dec., ¶¶ 1 and 5. Mr. Gordon is an experienced employment law practitioner, having been practicing law for over 35 years and having been a commercial and employment law litigator for over 32 years. *See* Gordon Dec., ¶ 34. Prior to opening his own practice in 2017, Mr. Gordon was a partner at Manatt, Phelps and Philips LLP in New York. *Id.*, ¶ 35  Before that, he was a Global Co-Chair of the Commercial Disputes Practice Group at K&L Gates, and before K&L Gates he was an associate and then a partner at the law firm then known as Thelen, Reid & Priest LLP. *Id.* More recently, Mr. Gordon served as volunteer federal court mediator in the United States District Court for the Southern District of New York for nine years, from 2011 – 2019, where he mediated mostly employment and Section 1983 cases. Id., ¶ 36. Mr. Soulios is an experienced commercial litigation and employment law practitioner, having practiced law for over 30 years and having represented both employers and employees in a variety of employment cases, including discrimination, retaliation, and harassment cases. Soulios Dec., ¶ 7.

*Fifth*, there was and could be no fraud or collusion here. Plaintiff is a former officer and director of SGB who is representing no one other than himself in this action. Similarly, Defendants are concerned with only their own interests, with no other employees involved and no opt-in plaintiffs at issue. The Settlement Agreement was reached openly and as the result of negotiation between the Parties and their counsel, with no hidden, concealed or collusive provisions.

In short, the Settlement, pursuant to which (a) Plaintiff will receive a cash payment of $250,000 plus 20,000 shares of restricted common stock with an approximate value of $80,000 as

6

of the date hereof, (b) SGB will defend and indemnify Plaintiff from and against third party actions brought against him on account of his being an officer and director of SGB, and (c) the Parties release each other from all claims against one another, is fair and reasonable. There is no provision for attorneys' fees, as Plaintiff and his counsel have a private agreement to cover that issue, and there are no other parties, potential parties, or potential opt-in parties that might have an interest in this matter. The settlement amount bears a reasonable relationship to the range of potential outcomes were this case to go to trial. And the settlement spares the Parties the risk, expense, and distraction of litigation.

## Conclusion

For these reasons, the Parties respectfully request that the Court approve the proposed Settlement Agreement.

Dated:   Katonah, New York
         September 14, 2021

| RUTA SOULIOS & STRATIS LLP | GORDONLAW LLP |
|---|---|
| Steven A. Soulios | Michael R. Gordon |
| 211 East 43rd Street, 24th Floor | 51 Bedford Road, Suite 2 |
| New York, New York 10017 | Katonah, New York 10536 |
| Tel: (212) 997-4500 | Tel: 914.232.9500 |
| Fax: (212) 768-0649 | Email: mgordon@gordonlawllp.com |
| Email: ssoulios@lawnynj.com | *Attorney for Plaintiff* |
| *Attorneys for Defendants* | |