## CONFIDENTIAL SETTLEMENT AGREEMENT

**WHEREAS**, plaintiff Mahesh Shetty ("Shetty" or "Plaintiff") served and filed a Complaint on or about January 30, 2020, and an amended complaint on March 25, 2020 (the "Complaint") in the United Stated District Court for the Eastern District of New York against defendants SG Blocks, Inc. ("SG Blocks" or "Defendant") and Paul Galvin ("Galvin" or "Defendant") (SG Blocks and Galvin are collectively referred to as "Defendants") and others captioned *Shetty v. SG Blocks, Inc., et al.*, Case No. 20-cv-00550-ARR (the "Action"); and

**WHEREAS**, Defendants served and filed an Answer to the Amended Complaint, Affirmative Defenses, and Counterclaim ("Answer") on or about July 7, 2020; and

**WHEREAS**, Defendants maintain that there is no substance or merit to Shetty's claims and allegations in the Action, and further maintains that it has valid defenses to all such charges and allegations, and have denied and continues to deny all allegations of wrongdoing, and have disclaimed any liability with respect thereto, and have counterclaimed thereto; and

**WHEREAS**, Shetty maintains that there is no substance or merit to Defendants' claims and allegations set forth in the Answer and Counterclaim, and further maintains that he has valid defenses to all such charges and allegations, and has denied and continues to deny all allegations of wrongdoing, and has disclaimed any liability with respect thereto; and

**WHEREAS**, the parties hereto desire to settle all actual or potential claims and allegations between them which have or could have been made in the Action, whether or not asserted in the Action, together with any other outstanding claims, whether heretofore asserted or not, without the cost and expense of further litigation, without any admission of liability whatsoever, upon and subject to the terms and conditions of this confidential settlement agreement (this "Agreement");

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. *Settlement consideration by SG Blocks*. SG Blocks shall provide the following consideration as full and complete satisfaction of any claims that were brought or could have been brought by Shetty in the Action:

   (i) Cash payment. Upon Court approval of this Agreement the sum of two hundred fifty thousand dollars ($250,000.00), payable as follows: (1) (one hundred twenty-five thousand dollars ($125,000.00) shall be paid by SG Blocks to Shetty on or before October 15, 2021, and (2) one hundred twenty-five thousand dollars ($125,000.00) shall be paid by SG Blocks to Shetty on or before December 15, 2021.

   (ii) Method of cash payment. The cash Payment set forth in Section 1.(i) above shall be made directly to Shetty, with no deductions, by wire transfer as follows, and SG Blocks agrees to issue an Internal Revenue Service Form 1099 to Shetty in the amount of $250,000.00 plus the value of the restricted shares of common stock (referenced in subsection iii below) as established by the closing price on the date of the grant:

   Mahesh Shetty
   Bank: JP Morgan Chase Bank NA
   4175 E Renner Rd, Richardson, TX 75082
   Tel: (972) 664-9001
   Account # 9310478402
   Routing number: 111000614

   Shetty acknowledges and agrees that he is solely responsible for payment of any and all federal, state and local taxes which may be due from the settlement sum. Shetty expressly acknowledge and agrees that he is relying upon his own legal and/or tax advisors, and not upon SG Blocks or its attorneys, with respect to any tax aspects of this Agreement. Shetty further acknowledges and agrees to indemnify and hold SG Blocks harmless in the event that any federal, state, or local taxing authority asserts any claim for liability, including, but not limited to, unpaid taxes, failure to withhold taxes, penalties, interest, or other sums that may become due to any taxing authority based upon the terms of this Agreement. It is expressly agreed that if the SG Blocks is required to provide payments for taxes or interest or penalties to any taxing authority based upon the terms of this Agreement, Shetty shall reimburse the SG Blocks for such payments to such taxing authority within

ten (10) calendar days after SG Blocks notifies Shetty, in writing, Federal Express priority delivery, that it has incurred such liability.

(iii) Within ten (10) calendar days after the later of Shetty's execution and delivery of this Settlement Agreement to Defendants' counsel or Court approval of this Agreement, SG Blocks shall issue to Shetty certificates or other documentation sufficiently representing 20,000 restricted shares of SGB common stock, par value $0.01 (the "Restricted Shares"), subject to the restrictions and obligations agreed to by Shetty in the Accredited Investor Certificate attached hereto as Exhibit 1 and made an integral part hereof.

(iv) <u>Defense and Indemnification in the Pizzarotti Litigation</u>. Upon Court approval of this Agreement SGB agrees to defend and indemnify Shetty in that certain litigation pending in the Supreme Court of the State of New York, New York County, captioned *Pizzarotti, LLC, v. Phipps & Co., Jack Phipps, Maya Phipps, SG Blocks, Inc. and Mahesh Shetty*, bearing Index No. 653996/2018 ("Pizzarotti Action"), or any other action covered by said SG Blocks defense and indemnification obligation (a "Covered Action"). Shetty hereby agrees to (a) cooperate fully with SGB and its counsel in the defense of the Pizzarotti Action (or any Covered Action) and (b) waive any conflict (actual, apparent or potential) of interest concerning SGB's counsel's representation of him in the Pizzarotti Action or any Covered Action; and

2. *Termination of Prior Agreement(s)*. All actual or implied agreements between Shetty and SGB are hereby terminated.

3. *Dismissal with Prejudice*. The parties shall execute and file a stipulation of voluntary dismissal with prejudice of the Action in the form annexed hereto as Exhibit A within five (5) business days of the full execution hereof.

4. *Mutual Releases*. The parties shall and hereby do release each other as follows:

Shetty hereby knowingly and voluntarily releases and forever discharges Paul Galvin and SG Blocks and their respective affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former stockholders, members, employees, attorneys, accountants, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "SGB Releasees"), of and from any and all claims or liabilities whatsoever known and unknown, asserted or unasserted, which Shetty has or may have against the SGB Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of: New York Labor Law ("NYLL") (Article 6 190, *et seq.*), NYLL §195, as amended; Title VII of the Civil Rights Act of

1964; Sections 1981 through 1988 of Title 42 of the United States Code; The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below); The Americans with Disabilities Act of 1990; the Fair Labor Standards Act ("FLSA"), including its provisions regarding retaliation; The Age Discrimination in Employment Act of 1967 ("ADEA"); The Immigration Reform and Control Act; The Worker Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The Family and Medical Leave Act; The Equal Pay Act; The Genetic Information Nondiscrimination Act of 2008; New York City and New York State Human Rights laws, New York Unfair Trade Practices Act, common law fraud, the Delaware Discrimination in Employment Act, Quantum Meruit, Rescission and Avoidance of Restricted Stock Unit Agreements, promissory estoppel, negligent misrepresentation, equitable fraud, constructive fraud, breach of fiduciary duty, breach of covenant of good faith and fair dealing, declaratory relief, defamation, abuse of process, malicious prosecution, prima facie tort, conspiracy, injunctive relief, specific performance, unfair trade practices, New York Uniform Securities Act, tortious interference with contractual relationships, conversion, implied contract, unjust enrichment, any claim for wrongful termination in violation of public policy, breach of contract, or any other statutory, common law, or equitable claim under New York law; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters. The release granted by Shetty herein shall not apply to rights and obligations arising under this Agreement.

If any claim is not subject to release, to the extent permitted by law, Shetty waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any SGB Releasee identified in this Agreement is a party.

b. SG Blocks and Paul Galvin, each on its and his respective behalf, and on behalf of each of their respective agents, officers, employees, members, partners, directors, and assigns, irrevocably and unconditionally release, acquit, and forever discharge Shetty, and his agents, affiliates, subsidiaries, predecessors, successors, assigns, representatives, insurers, attorneys, shareholders, directors, officers, and/or employees, and all persons acting by, through or in concert, or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses, including attorneys' fees and costs, of any nature whatsoever, concerning the subject matter of the Action, whether or not asserted in the Action, together with any other outstanding claims, whether heretofore asserted or not. The release granted by SG Blocks and Galvin herein shall not apply to rights and obligations arising under this Agreement.

5.  *Authority.* Each signatory to this Agreement represents and warrants that he or she is authorized to sign on behalf of the party for whom he or she signs.

6.  *No Assignment.* The parties have not sold, pledged, assigned, transferred, conveyed, or otherwise disposed of any of their claims or defenses referred to in this Agreement.

7. *Parties to Bear Own Costs.* The parties hereto shall each bear their own attorneys' fees and costs with respect to the Action, including the preparation of this Agreement and other documents, filings, or other fees pertaining to the Action or the representations and obligations set forth in this Agreement.

8. *No Coercion.* The parties represent and warrant to each other that they have completely read and fully understand each of the terms and provisions of this Agreement and that they have executed this Agreement based on their own judgment and the advice of their own attorneys, of their own free will, and without reliance upon any statement or representation of others not specifically set forth in writing in this Agreement.

9. *Entire Agreement.* This Agreement contains the entire understanding of the parties with respect to the subject matter contained herein. There are no restrictions, promises, representations, warranties, covenants and undertakings governing the subject matter of this Agreement other than those expressly set forth or referred to herein. This Agreement supersedes all prior agreements and understandings between the parties hereto with respect to the subject matter hereof.

10. *Binding upon Assigns.* This Agreement is binding upon and inures to the benefit of the officers, directors, shareholders, attorneys, consultants, advisors, successors, heirs, trustees, subrogees, successors, and assigns of each of the parties hereto.

11. *Severability.* If, after the date hereof, any provision in this Agreement is found to be illegal, invalid or unenforceable, under either present or future laws effected during the term of this Agreement, such provision(s) shall be fully severable.

12. *No Oral Modification.* No modification or amendment to this Agreement shall be binding upon the parties hereto unless first agreed to in writing by the parties, and no waiver of

any of the provisions of this Agreement shall be binding unless agreed to in writing by the party or parties against which such waiver is sought to be enforced.

13. *No Presumptions.* This Agreement shall be construed without regard to any presumptions against the party causing the same to be prepared.

14. *No Admission.* The Parties agree and acknowledge that this Agreement shall not in any way be construed as an admission by any party of any improper or unlawful action or conduct whatsoever. Specifically, the Parties have entered into this Agreement to avoid the expense, inconvenience, and risk of continuing litigation, as well as to amicably resolve the Parties' disputes.

15. *No Party an Infant or Incompetent.* No party is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action.

16. *Confidentiality.* Subject to the requirements of law concerning this Agreement, the Parties and their respective attorneys agree to maintain the confidentiality of the terms of this Agreement and will restrict public comment to referring interested persons to the Stipulation of Dismissal with Prejudice. The Parties agree that except as required by applicable federal, state, or local law, or to resolve any dispute between them, or as fair comment to any public characterization of this Agreement by another party, they will maintain the confidentiality of this Agreement and make no voluntary statement or take any other action that might reasonably be expected to result in disclosure of, or any publicity concerning, the terms of this Agreement.

17. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may

institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. In any action to enforce the terms and conditions of this Agreement the prevailing party therein shall be entitled to recover from the other its/his reasonable attorney's fees and costs of litigation incurred in connection with such action.

18. *Retention of Jurisdiction.* The Court shall retain jurisdiction for the purposes of enforcing the terms of the this Agreement.

19. *Headings.* Headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

20. *Counterparts.* This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

21. **Acknowledgment.**

AS EVIDENCED BY THE SIGNATURE OF SHETTY AND HIS ATTORNEY BELOW, SHETTY HAS BEEN PROVIDED WITH A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. SHETTY ALSO HAA HAD SUFFICIENT TIME TO CONSULT HIS ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT.

**MAHESH SHETTY MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHETTY SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO STEVEN SOULIOS AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED STEVEN SOULIOS AT RUTA SOULIOS & STRATIS LLP, 211 E. 43RD STREET, 24TH FLOOR. NEW YORK, NEW YORK 10017, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER MAHESH SHETTY SIGNS THIS AGREEMENT.**

MAHESH SHETTY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE SGB RELEASEES UPON THE TERMS AND CONDITIONS HEREOF.

      IN WITNESS WHEREOF, the parties hereto have set their hands and seals as of the first date written below.

SG Blocks, Inc.

By: *[signature]*
Name: Paul Galvin
Title: Chief Executive Officer

STATE OF
                s.s.:
COUNTY OF

      On September 13, 2021, before me the undersigned, personally appeared Paul Galvin personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his capacity as Chief Executive Officer of SG Blocks, Inc. and that by her/his signature on the instrument, the individual, or person upon behalf of which the individual acted executed the instrument.

STEVEN A. SOULIOS
Notary [Public, State of New] York
[No. 02SO...]
Qualified in [New York] County
Commission Expires 03/15/2022

NOTARY PUBLIC

*[signature]*
Paul Galvin

STATE OF
                s.s.:
COUNTY OF

      On September 13, 2021, before me the undersigned, personally appeared Paul Galvin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual and that by his signature on the instrument, the individual executed the instrument.

STEVEN A. SOULIOS
Notary [Public], State of [New] York
[No.] 02SO...
Qualified in N[ew York] County
Commission Expires 03/15/2022

NOTARY PUBLIC

-8-

_____
Mahesh Shetty

STATE OF Texas
                    s.s.:
COUNTY OF Dallas

On September 3. 2021, before me the undersigned, personally appeared Mahesh Shetty, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual and that by his signature on the instrument, the individual executed the instrument.

September 3, 2021

_____
NOTARY PUBLIC



WAZIM RAHIM
Notary ID #132121773
My Commission Expires
August 8, 2023

- GORDONLAW LLP

By: _____
   Michael Gordon, Esq.
51 Bedford Road. Suite 10
Katonah New York 10536
Tel: (914) 232-9500
*Attorneys for Mahesh Shetty*

RUTA SOULIOS & STRATIS LLP

By: _____
   Steven A. Soulios, Esq.
211 East 43rd Street, 24th Floor
New York, NY 10017
Tel: (212) 997-4500
*Attorneys for SG Blocks, Inc. and Paul Galvin*

                                                  _____
                                                  Mahesh Shetty

STATE OF

                            s.s.:

COUNTY OF

     On September 3, 2021, before me the undersigned, personally appeared Mahesh Shetty, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual and that by his signature on the instrument, the individual executed the instrument.

                                                  _____
                                                  NOTARY PUBLIC

September 3, 2021

| GORDONLAW LLP | RUTA SOULIOS & STRATIS LLP |
|---|---|
| By: _____ | By: _____ |
|    Michael Gordon, Esq. |    Steven A. Soulios, Esq. |
| 51 Bedford Road, Suite 10 | 211 East 43rd Street, 24th Floor |
| Katonah New York 10536 | New York, NY 10017 |
| *Tel:* (914) 232-9500 | Tel: (212) 997-4500 |
| *Attorneys for Mahesh Shetty* | *Attorneys for SG Blocks, Inc. and Paul Galvin* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHESH SHETTY,<br><br>      Plaintiff<br><br>vs.<br><br>SG BLOCKS INC., and PAUL GALVIN,<br><br>      Defendants. | Case No. 20-cv-00550-ARR-SMG<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties to the above captioned action, by their undersigned counsel, pursuant to Fed.R.Civ.P. 41, this action and all of the claims and the counterclaims that have been or could have been asserted in this action, are hereby dismissed *with prejudice* and without costs to either party.

No party is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in the subject matter of the action.

Dated: New York, New York
   September __, 2021

| | |
|---|---|
| GORDONLAW LLP<br><br>By: _____<br> Michael Gordon, Esq.<br>51 Bedford Road, Suite 10<br>Katonah New York 10536<br>*Tel:* (914) 232-9500<br>*Attorneys for Plaintiff Mahesh Shetty* | RUTA SOULIOS & STRATIS LLP<br><br>By: _____<br> Steven Soulios, Esq.<br>211 East 43rd Street, 24th Floor<br>New York, NY 10017<br>Tel: (212) 997-4500<br>*Attorneys for Defendants SG Blocks, Inc. and Paul Galvin* |