```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
MAHESH SHETTY,                                                           :   20-CV-550 (ARR) (MMH)
                                                                         :
                            Plaintiff,                                   :   NOT FOR ELECTRONIC
                                                                         :   OR PRINT PUBLICATION
        -against-                                                        :
                                                                         :
SG BLOCKS, INC. and PAUL GALVIN                                          :   OPINION & ORDER
                                                                         :
                            Defendants.                                  :
                                                                         X
------------------------------------------------------------------------
```

ROSS, United States District Judge:

Plaintiff, Mahesh Shetty, sued defendants, SG Blocks, Inc. and Paul Galvin, alleging, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"). On September 14, 2021, parties jointly moved this court for approval of their proposed settlement agreement. Joint Mot. Settlement Approval, ECF No. 60. Plaintiff separately moved for sealing of ECF Nos. 23−31 and 33−38, which collectively relate to defendants' Motion to Dismiss (ECF Nos. 23–25, 29−31, 33), plaintiff's first motion to require sealing of the same (ECF Nos. 26−27, 34−38), and the sealed version of my opinion on both motions (ECF No. 28).[1] Mot. to Seal Doc. ("Sept. Sealing Mot."), ECF No. 61. I now consider plaintiff's latest request for sealing in light of the parties' recent motion for settlement approval. For the reasons discussed herein, I deny plaintiff's motion.

## BACKGROUND

I assume the parties' familiarity with the facts of this case and include only those necessary

---

[1] My Opinion & Order was publicly filed on June 15, 2020. *See* ECF No. 32. Plaintiff does not request its sealing.

to resolve plaintiff's instant motion. Defendant SG Blocks, Inc. is a New York corporation which designs and fabricates "container-based structures." Am. Compl. ¶ 5 ("Compl."), ECF No. 16. Defendant Paul Galvin is the CEO of SG Blocks. *Id.* ¶ 7. Plaintiff worked as President and Chief Financial Officer of SG Blocks from July 29, 2016 until August 20, 2019, *id.* ¶ 1, when he was terminated by defendants, *id.* ¶ 24.

Plaintiff commenced this action on January 31, 2020, Compl., ECF No. 1, and filed an Amended Complaint on March 25, 2020. The Amended Complaint alleged six causes of action: (1) unpaid wages in violation of the FLSA; (2) unpaid wages in violation of the NYLL; (3) failure to provide wage notices in violation of NYLL § 195; (4) breach of contract under New York law; (5) retaliation under the FLSA and the NYLL; and (6) a declaratory judgment stating that SG Blocks is required to defend and indemnify plaintiff in a state court action. Am. Compl. ¶¶ 59−105. After I set a briefing schedule for defendants' proposed Motion to Dismiss, *see* Apr. 9, 2020 Dkt. Entry, plaintiff moved for an order that defendants' motion be filed under seal, *see* Pl.'s May Mot. for Leave to Electronically File Doc. Under Seal ("May Sealing Mot."), ECF No. 20. Plaintiff argued that defendants' motion improperly put into the record exhibits "which [had] nothing to do with the facial validity of [plaintiff's] Amended Complaint," and which would cause plaintiff "embarrassment and harm." Mem. of Law in Supp. of Pl.'s Mot. to Seal 4, 6 ("May Sealing Mem."), ECF No. 20-11. Defendants' Motion to Dismiss was fully briefed on May 28, 2020. *See* Defs.' Motion to Dismiss ("Defs.' Mot."), ECF No. 23; Pl.'s Resp. in Opp'n ("Pl.'s Opp'n"), ECF No. 24; Defs.' Reply in Supp. ("Defs.' Reply"), ECF No. 25. On this same date, defendants also filed their Response to Plaintiff's Motion to Seal, ECF No. 26, to which plaintiff replied on June 9, 2020, ECF No. 27. All materials were filed under seal, pending my decision on plaintiff's motion.

On June 12, 2020, I granted in part and denied in part defendants' Motion to Dismiss, and, as relevant here, denied plaintiff's Motion to Seal. Op. & Order, ECF Nos. 28 (sealed), 32 (public). I found that the attachments accompanying defendants' Motion to Dismiss, while immaterial to my determination on defendants' motion, were judicial documents and thus were subject to a presumptive right of public access. *Id.* at 19−20. I disagreed with plaintiff's assertion that his countervailing considerations outweighed this presumption. *Id.* at 20−21. The parties were ordered to file publicly all documents relating to defendants' Motion to Dismiss and plaintiff's Motion to Seal. Subsequently, the parties' motions and attendant papers were publicly filed as ECF Nos. 29–31 and 33−38.[2]

On August 9, 2021—following additional motion practice, attempted mediation, and the start of discovery—parties notified me that they had reached a settlement in principle. Letter, ECF No. 59. Their joint motion for settlement approval was filed on September 14, 2021 and will be ruled on separately. Henry. I now consider plaintiff's latest Motion to Seal. *See* Sept. Sealing Mot. The documents at issue collectively constitute the sealed and unsealed filings of defendants' Motion to Dismiss and plaintiff's first motion to require sealing of the same.

---

[2] For clarity, ECF Nos. 23−28, all filed under seal, constitute defendants' Motion to Dismiss (ECF No. 23); plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 24); defendants' Reply in Support of Their Motion to Dismiss (ECF No. 25); defendants' Opposition to Plaintiff's Motion to Seal, which was filed as ECF No. 20 (ECF No. 26); plaintiff's Reply in Support of His Motion to Seal (ECF No. 27); and my Opinion and Order on parties' motions (ECF No. 28). Even though plaintiff has included them in his present motion, these documents remain under seal on PACER. ECF Nos. 29−31 and 33−38 are all public filings. In the following order, they are: defendants' Motion to Dismiss (ECF No. 29); plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 30); defendants' Reply in Support of Their Motion to Seal (ECF No. 31); a duplicate of plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 33); plaintiff's Motion to Seal (ECF No. 34); plaintiff's Affidavit in Support of His Motion to Seal, with accompanying exhibits (ECF No. 35); plaintiff's Memorandum of Law in Support of His Motion to Seal (ECF No. 36); plaintiff's Reply in Support of His Motion to Seal (ECF No. 37); and defendants' Opposition to Plaintiff's Motion to Seal (ECF No. 38).

## LEGAL STANDARD

A common law presumption of public access attaches to all judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). To determine whether a judicial document may be sealed, the Second Circuit conducts a three-step analysis. *Id.* at 119–20.

First, the court must decide whether the document at issue is in fact a judicial document, meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit held that "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Id.* at 126. District courts in this circuit have extended such reasoning to documents filed in support of a motion to dismiss. *See, e.g.*, *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165−66 (S.D.N.Y. 2018); *Albino v. Glob. Equip. USA, LTD.*, No. 6:14-CV-6519 (MAT), 2018 WL 1805553, at *1−2 (W.D.N.Y. Apr. 17, 2018); *Raffaele v. City of N.Y.*, No. 13-CV-4607 (KAM), 2014 WL 2573464, at *1 (E.D.N.Y. June 9, 2014).

If the items are determined to be judicial documents, the next step is to determine the weight of the presumption of public access. *Lugosch*, 435 F.3d at 119. The Second Circuit advises that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). However, documents are not to be given "different weights of presumption based on the extent to which they were relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123. Rather, the presumption inquiry looks to whether the document "is presented to the court to invoke

4

its powers or affect its decisions." *Amodeo II*, 71 F.3d at 1050. "[D]ocuments that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *Lugosch*, 435 F.3d at 123 (quoting *In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D. Cal. 1984) (italics in original)).

Finally, the court must weigh countervailing considerations, such as "the privacy interests of those resisting disclosure," against the presumption. *See Amodeo II*, 71 F.3d at 1050−51. Where a party offers sufficient countervailing considerations, the presumption of public access can be overcome.

## DISCUSSION

### I. Plaintiff's First Motion to Require Sealing.

In his first Motion for Sealing—requesting that I seal the record of defendants' Motion to Dismiss—plaintiff argued that sealing was proper on the grounds that defendants' "motion improperly put[] into the public record two declarations containing factual allegations about Plaintiff and 40 exhibits, 37 of which [had] nothing to do with the facial validity of [his] Amended Complaint." May Sealing Mem. 4. Plaintiff alleged that defendants' motion and its attached documents would cause him "embarrassment and harm [] from the public drawing the erroneous conclusion that he must not have responded to the allegations against him because he ha[d] no response." *Id.* at 6. While I agreed with plaintiff that defendants' submission of extrinsic evidence on a motion to dismiss was inappropriate and distracting, I found that such error did not warrant the extraordinary relief of sealing. Op. & Order 21. I denied plaintiff's motion, concluding that defendants' evidentiary submissions were judicial documents entitled to a presumptive right of access, and finding that plaintiff had not articulated sufficient countervailing considerations. *Id.* at 20−21.

## II. Plaintiff's Instant Motion to Require Sealing.

Plaintiff once again moves to seal certain documents in the record, this time with the consent of defendants S.G. Blocks, Inc. and Paul Galvin. Together, the documents he requests I seal—ECF Nos. 23−31 and 33−38—make up the sealed and publicly filed versions of defendants' Motion to Dismiss and plaintiff's first sealing motion, as well as my sealed opinion on both motions, *see* ECF No. 28, which was publicly filed on June 15, 2020, *see* ECF No. 32.

Plaintiff does not challenge my previous conclusion that the documents at issue are judicial in nature but suggests that in light of the "unusual circumstances of this case"—i.e., the parties' settlement—I should reconsider my previous ruling. In support of his position, plaintiff advances two arguments. First, plaintiff posits that the "weight of the presumption of access [to the documents] should be deemed less than ordinary"; because the parties seek to settle, plaintiff contends that the "the importance of those documents to those monitoring this case is much less."[3] Mem. Law in Supp. Pl.'s Mot. Seal 2 ("Sept. Sealing Mem."), ECF No. 61-1. However, plaintiff does not point to any precedent in this or any circuit finding that settlement impacts the presumption of access given to judicial documents. Moreover, while the parties' have moved for settlement approval, the information plaintiff seeks to seal was "presented to the court to invoke its powers or affect is decisions," *Amodeo II*, 71 F.3d at 1050, at the time defendants' Motion to Dismiss was before me. That I did not rely on that information in reaching my decision does not change its presumption of access. *Lugosch*, 435 F.3d at 123.

---

[3] Plaintiff appears to additionally argue that because my June ruling looked only to the four corners of plaintiff's Amended Complaint, and not the documents accompanying defendants' Motion to Dismiss, the documents are of less importance to those monitoring the federal courts. *See* Mem. Law in Supp. Pl.'s Mot. Seal 2−3 ("Sept. Sealing Mem."), ECF No. 61-1. However, as I explained in my June Opinion and Order, the fact that I did not actually rely on defendants' submissions in reaching my decision on defendants' motion does not weaken the presumption of public access. *See* Op. & Order 20.

Second, plaintiff argues sealing is necessary to protect him from "the reputational damage he might suffer because of third parties reviewing the record and seeing no substantive rebuttal to [defendants'] documents," which plaintiff could have provided if the case had proceeded to summary judgment or trial. Sept. Sealing Mem. 2. Plaintiff's argument appears to be an extension of one raised in his prior sealing motion: that defendants' motion and its attached documents would harm him because the public would draw "the erroneous conclusion that he must not have responded to the allegations against him because he ha[d] no response," May Sealing Mem. 6. While plaintiff then acknowledged that he would respond to defendants' allegations at the appropriate procedural juncture, *see id.* at 7, it is true that plaintiff will not have an opportunity to "counter the record presented by [d]efendants," Sept. Sealing Mem. 3, now that parties have moved for settlement approval. Nevertheless, as I explained in my June ruling, the fact that a member of the public could draw an incorrect conclusion about a party is not grounds for sealing a document. *See* Op. & Order 21 ("Indeed, a member of the public could draw the incorrect conclusion that all statements in [a] complaint are factually proven, when of course, they are merely assertions by the plaintiff.").

Even accepting plaintiff's arguments as persuasive, I find that his motion fails because the documents at issue have been in the public domain for over one year. The Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public. *See, e.g.*, *JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC*, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013) ("Any countervailing privacy interest of [the defendant] cannot defeat the strong presumption of public disclosure where the material it seeks to seal is already in the public domain."); *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (concluding that matters contained in a settlement agreement, which "might otherwise have

7

seemed [] entitled to [sealing]," were not because the matter was previously disclosed in an unsealed complaint); *Gucci Am., Inc. v. Guess?, Inc.*, No. 09-CV-4373 (SAS), 2010 WL 1416896, at *1 (S.D.N.Y. Apr. 8, 2010) (explaining that the plaintiff's request for sealing "comes too late" because the relevant motion papers had already been placed in the public record, and the press had published articles about the motion); *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 205−06 (S.D.N.Y. 2007) (deciding that plaintiff's counsel's countervailing considerations—to avoid negative publicity and risk of injury to his firm—did not overcome the presumption of access to the court's order to show cause for sanctions because facts contained therein were already available to the public).

Indeed, in *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004), the Second Circuit concluded that although the district court's reference in its unsealing order to the "magnitude of [a] settlement amount" between parties was a "serious abuse of discretion," it could not seal the the published order because "however confidential [the size of the settlement] may have been beforehand, subsequent to publication it was confidential no longer." *Id.* at 144. As the unsealing order was accessible on Westlaw and Lexis, and had been disseminated in prominent news sources, the court simply did not "have the power, even were [it] of the mind to use it if [it] had, to make what ha[d] thus become public private again." *Id.* Put simply, once "[t]he genie is out of the bottle . . . [the court does not] have [] the means to put the genie back." *Id.*

The same rationale governs my decision here. While defendants' Motion to Dismiss and plaintiff's Motion to Seal were originally filed under seal and remain publicly inaccessible, *see* ECF Nos. 20−27, public filings of the same have been available on PACER since June 13, 2020, *see* ECF Nos. 29−31, 33−38. Moreover, my opinion on defendants' and plaintiff's motions, which considered the motions' record, is accessible on Lexis and Westlaw. *See Shetty v. SG Blocks, Inc.*,

8

No. 20-cv-550 (ARR), 2020 U.S. Dist. LEXIS 104241 (E.D.N.Y. June 12, 2020); *Shetty v. SG Blocks, Inc.*, No. 20-cv-550 (ARR), 2020 WL 3183779 (E.D.N.Y. June 15, 2020). Thus, even were I inclined to grant plaintiff's motion, I do not have the power to make that which was public private. *See Gambale*, 377 F.3d at 144.

## CONCLUSION

For the reasons discussed above, I deny plaintiff's Motion to Seal. All papers relating to this motion shall remain public.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: October 26, 2021
       Brooklyn, New York

9